O

# United States District Court
# Central District of California

| | |
|---|---|
| MANUEL LEDESMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEL RECORDS, INC., ARTURO CORRAL, LUIS CORONEL, SONY MUSIC ENTERTAINMENT LATIN US LLC, and EMPIRE PRODUCTION INC.,<br><br>　　　　　Defendants. | Case No. 2:15-cv-4266-ODW-GJSx<br><br>**ORDER GRANTING DEFENDANT LUIS CORONEL'S MOTION TO DISMISS [30] AND GRANTING DEFENDANTS ARTUO CORRAL, LUIS CORONEL, AND EMPIRE PRODUCTION INC.'S MOTION TO STRIKE [29]** |

## I.  INTRODUCTION

Pending before the Court is Defendant Luis Coronel's Motion to Dismiss and Defendants Arturo Corral, Luis Coronel, and Empire Production Inc.'s Motion to Strike Portions of the First Amended Complaint ("FAC"). (ECF Nos. 30, 29.) For the reasons discussed below, the Court **GRANTS** both motions.[1]

## II.  FACTUAL BACKGROUND

Plaintiff Manuel Ledesma ("Ledesma") brings a copyright infringement action

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

against Defendants Del Records Inc. ("Del Records"), Arturo Corral ("Corral"), Luis Coronel ("Coronel"), Sony Music Entertainment Latin US LLC ("Sony"), and Empire Productions Inc. ("Empire").[2] Ledesma alleges that he co-wrote, and owns the copyrights for, two musical compositions entitled "Solo Soy Yo" and "Eres Tú." (FAC ¶ 9, ECF No. 24.) Ledesma further alleges that Coronel assisted in the recording of the compositions, and that the various other Defendants engaged in the manufacture, distribution, and sale of the sound recordings. (*Id.* ¶¶ 7, 11–15.) Specifically, Ledesma claims that Defendants infringed on his copyrights by using and exploiting the compositions, or by allowing the compositions to be used and exploited. (*Id.*)

Ledesma filed his Complaint on June 8, 2015. (ECF No. 1.) On September 1, 2015, he filed his FAC. (ECF No. 24.) Corral and Empire answered on September 29, 2015. (ECF No. 27.) That same day, Coronel moved to dismiss, and Coronel, Corral, and Empire moved to strike portions of the FAC. (ECF Nos. 29, 30.) Ledesma filed his oppositions to both motions on October 12, 2015, and Defendants replied on October 19, 2015.[3] (ECF Nos. 32–35.)

### III. LEGAL STANDARDS

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts plead to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] Del Records and Sony are no longer parties to this lawsuit. On October 29, 2015, Ledesma moved to dismiss defendants Del Records and Sony, and this Court granted the motion on October 30, 2015. (ECF Nos. 38, 40.)

[3] The Court exercises its discretion to accept and consider Plaintiff's opposition.

Essentially, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination as to whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Generally, a court should freely give leave to amend a complaint after granting a dismissal. Fed. R. Civ. P. 15(a). However, a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The decision whether to grant a motion to strike is at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds sub nom. Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The court may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

2010) (citing *Fantasy*, 984 F.2d at 1527). Courts may also grant such a motion in order to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *Fantasy*, 984 F.2d at 1528. However, "motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because they are often used as a delaying tactic." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. Lack of Cognizable Theory of Recovery

Coronel argues that Ledesma has failed to plead a viable claim for copyright infringement. (Motion ["Mot."] 3–6, ECF No. 30.) A cognizable claim for copyright infringement exists where the plaintiff alleges direct infringement, contributory infringement, or vicarious infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Contributory infringements occurs when an actor "intentionally induc[es] or encourage[s] direct infringement." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). In contrast, an actor "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id.* (citations omitted). Thus, profiting alone is insufficient evidence of copyright infringement. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173–75 (9th Cir. 2007).

In Ledesma's FAC, the only allegation with regard to Coronel is that he "has profited from the copyright infringement set forth herein." (FAC ¶ 7.) Ledesma alleges no behavior that amounts to either direct or contributory infringement. Likewise, the FAC alleges no facts to support (1) Coronel's right to stop or limit infringement and (2) Coronel's failure to exercise that right. Therefore, Ledesma's claims against Coronel cannot meet the *Iqbal* standard; the pleadings contain no facts sufficient to support a cognizable direct, contributory, or vicarious copyright infringement claim. *Iqbal*, 556 U.S. at 678. Even when viewed in the light most

favorable to Ledesma, the clear failure to allege a viable claim for relief mandates that the Court dismiss the Complaint with regard to Coronel.

### 2. Leave to Amend

Ledesma opposes Coronel's 12(b)(6) action and requests leave to file a Second Amended Complaint. (Opposition ["Opp."] 1–2, ECF No. 33.) Under Federal Rule of Civil Procedure 15(a), the Court should freely give leave to amend a complaint after dismissal. Because the allegation of additional facts could potentially rise to create a cognizable copyright infringement claim, *see Schreiber Distrib. Co.*, 806 F.2d at 1401, the Court **GRANTS** leave to file a Second Amended Complaint.

However, the Court reminds Ledesma that mere legal conclusions, without sufficient factual allegations, are insufficient to plead a viable claim. *Twombly,* 550 U.S. at 555 ("[F]actual allegations must be specific enough to raise a right of relief above the speculative level."). In fact, "a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. Given that the Court now dismisses the second iteration of his Complaint, the Court will likely dismiss the Second Amended Complaint without leave to amend should Ledesma fail to allege the necessary facts to support an infringement claim.

### B. Motion to Strike

Defendants Coronel, Corral, and Empire contend that Ledesma is not entitled to statutory damages under 17 U.S.C. § 504(c) because Ledesma does not hold valid copyright registrations under 17 U.S.C. § 412, and therefore moves to strike any claims for such damages. (Mot. 3.) Specifically, they argue that Ledesma's copyright registrations were untimely, thereby precluding Ledesma from seeking statutory damages under the Copyright Act. (*Id.*) Ledesma admits that he is not entitled to statutory fees for the composition "Eres Tú," as this work was not timely registered. (Opp. 1–2.) However, he opposes the motion to strike with regard to "Solo Soy Yo," and argues that the copyright registration for this work was timely. (*Id.*)

While registration is not a condition precedent to obtaining a copyright, registration is required before a copyright holder can sue for copyright infringement. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 229 (S.D.N.Y. 2012). Moreover, "in order to recover statutory damages [under 17 U.S.C. § 504], the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2009) (holding that the plaintiff could not recover statutory damages because the allegedly infringing activity commenced before the effective registration date).

On October 30, 2014, Ledesma registered "Solo Soy Yo" with the Copyright Office as part of an unpublished collection,[4] with registration number SRu-1-185-901. (Opp. 2.) However, the registration of an unpublished collection does not constitute valid copyright registration for previously published works within the collection. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 231 (S.D.N.Y. 2012) ("This prior publication does not invalidate registration of the unpublished elements of the collection . . . but it does invalidate the registration as to the previously published designs."); *see also L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841, 854 (9th Cir. 2012) (en banc).

The Court judicially notices the fact that the publication date of "Solo Soy Yo" is September 30, 2014, based on the government-issued copyright certificate. (Reply 2; Opp. Ex. A, Ledesma Decl. 3.)[2] With a publication date of September 30, 2014, the

---

[4] The Copyright Act permits the registration of multiple works as a single work. 17 U.S.C. § 407(c)(1). These collections are divided into "published" and "unpublished" collections, with the concurrent sale or distribution of the collected works being the defining feature of the published collection. *See* 37 C.F.R. § 202.3(b)(4)(i); *United Fabrics Int'l, Inc. v. C & J Wear, Inc.,* 630 F.3d 1255, 1259 (9th Cir. 2011). "A group of unpublished works may be registered as a single work, upon payment of a single registration fee, but only if it consists of 'all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished collection.'" *Family Dollar Stores, Inc.*, 896 F. Supp. 2d at 229 (quoting 37 C.F.R. 202.3(b)(4)(i)(B)).

[2] Defendants request judicial notice of four documents, one of which is the copyright registration for "Solo Soy Yo." (Mot. 2; Req. for Judicial Notice ["RJN"] 2.) Federal Rule of Evidence 201 allows

1 work was clearly published before the registration date of the unpublished collection, October 30, 2014. Therefore, Ledesma cannot claim that "Solo Soy Yo" was registered as part of the unpublished collection. The only valid registration, then, of "Solo Soy Yo" would be on April 9, 2015—the date that Ledesma registered "Solo Soy Yo" as an individual, published work. (Mot. 2; RJN 2.) Taking April 9, 2015 as the opperative registration date, Ledesma clearly did not register the work within three months of September 30, 2014. Registration was thus untimely for the purposes of 17 U.S.C. § 412, and statutory damages are impermissible under § 504(c). Thus, the Court **GRANTS** Defendants' Motion to Strike and denies leave to amend.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** Coronel's Motion to Dismiss with leave to amend, and **GRANTS** Coronel, Corral and Empire's Motion to Strike without leave to amend. (ECF Nos. 30, 29.) Plaintiff shall file a Second Amended Complaint no later than January 4, 2016.

**IT IS SO ORDERED.**

December 3, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

the Court to take judicial notice "of a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Further, "the court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201. Defendants have appropriately requested judicial notice, and have provided the Court with a copy of a copyright registration for a song titled "Solo Soy Yo." Because this registration is derived from accurate government records, the Court will take judicial notice of it.

7